# APPELLATE DIVISION

OF THE

# SUPREME COURT

OF THE

## STATE OF NEW YORK

---

EQUADOR INTERNATIONAL CORPORATION, Respondent, *v.* SARAH A. TRACY and Another, as Executrices, etc., of FRANK M. TRACY, Deceased, Appellants.

First Department, May 14, 1926.

Contracts — requisites and validity — action by corporation to recover money alleged to have been paid defendants' testator by third persons for plaintiff's benefit — complaint is insufficient — conversion not alleged — no duty shown by testator as officer of corporation.

The complaint, in an action by a corporation to recover money alleged to have been paid to the defendants' testator by a third person for the benefit of the plaintiff and unlawfully converted by him, does not state a cause of action, since it contains no allegation of an obligation on the part of the testator to pay the moneys to the plaintiff, or of any right on the part of the plaintiff to receive the money, and there is no allegation that the testator was ever appointed general manager of the corporation and received moneys in that capacity, or that the moneys were ever delivered to the testator for or on behalf of the corporation. Furthermore, there is no allegation of any consideration for the alleged agreement of the defendants' testator.

No cause of action for conversion is alleged, since the complaint does not show any right or title of the plaintiff to the moneys claimed or that there was any demand made on the defendants' testator to pay over said moneys.

The complaint does not state a cause of action on the theory that the defendants' testator was an officer of the corporation for there are no allegations stating that he was ever an officer of the corporation or received any money in his official capacity.

APPEAL by the defendants, Sarah A. Tracy and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of December, 1925, denying defendants' motion made under rule 106 of the Rules of Civil Practice to dismiss

the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

*Winifred Sullivan* of counsel, for the appellants.

*Paul C. Werner* of counsel [*Walter Jeffreys Carlin* and *Paul C. Werner*, attorneys], for the respondent.

McAvoy, J.   The motion of defendants to dismiss the complaint in this case upon the ground that the complaint did not state facts sufficient to constitute a cause of action was denied at Special Term.

Our review of that pleading indicates that it does not allege any duty, either on the part of the defendants' testator or the defendants as his representatives, which can be enforced in an action at law.

There are two counts in the complaint alleged as one cause of action.   They both proceed against the executrices of Frank M. Tracy, deceased.   One count is for a claim of $10,000, which it is said Frank M. Tracy received in May, 1924, from one J. Dennis O'Hagan, and that he " covenanted and agreed " with plaintiff, which is a corporation, to deposit this sum to plaintiff's account, and that he did not so deposit it, but unlawfully converted the same to his own use.

The second count is a claim of $7,500, and it is alleged that on the same date, May 22, 1924, Tracy was indebted to and had in his possession moneys belonging to one Herbert J. Skipp exceeding $18,500, and that the deceased " covenanted and agreed " with plaintiff that he would deposit to the plaintiff's account $7,500 of the moneys, and that he did not deposit the same, but converted it to his own use.

The complaint does not contain any other allegation of an obligation on the part of Tracy to pay 'these moneys to the plaintiff nor of any right upon the part of the plaintiff to receive the moneys from Tracy.   It is alleged that Tracy, O'Hagan and Skipp, on April 1, 1924, agreed to form the plaintiff corporation and for the stock received they were, respectively, to pay, O'Hagan $10,000, Skipp $7,500 and Tracy $7,500.   It is alleged that it was agreed that Tracy was to be appointed general manager of this corporation to be formed and was to have charge of its funds.   It is shown that the corporation was organized under the laws of Delaware on May 21, 1924.   There is no allegation that Tracy was ever appointed general manager for the corporation so formed or that he ever was general manager of it or had charge of any funds of the corporation. There is no allegation that any of the moneys were delivered to Tracy for or on behalf of the corporation.   There is no allegation that any stock was issued or intended to be issued by the corpora-

tion for the moneys that Tracy is said to have promised to deposit, nor is there any allegation that plaintiff assumed any obligation of any kind for the payment of these moneys by Tracy, or that there was any consideration whatever moving from plaintiff as benefit to Tracy or any detriment suffered by the plaintiff corporation for the promise of Tracy.

Since there is no contract alleged in which the plaintiff promised anything to Tracy, and no reciprocal promise for Tracy's agreement to turn over the moneys, the alleged promise is unenforcible because it is not mutual, and, therefore, without consideration. It is a most nude pact unclothed by even the diaphanous garment of a moral consideration. There is no cause of action for conversion alleged, as the learned court at Special Term decided, since the complaint does not show any right or title of the plaintiff corporation to the moneys claimed, or that there was ever any demand made on Tracy to pay over the moneys.

Since there is no allegation that Tracy was an officer of the corporation, at any period mentioned in the complaint, or that he received the money in an official capacity, there can be no duty to the corporation implied on this basis as consideration for his promise.

Plaintiff's reliance for finding a consideration running to Tracy for paying over this money to the corporation, is upon an alleged implication from the facts pleaded that Tracy received this money to be paid to the corporation for the issuance of stock in the value of the amount specified to the three parties, Skipp, O'Hagan and Tracy, and that he was besides to be compensated for his purchase of the stock by the promise on the part of the plaintiff to make him the general manager of the corporation, and to give him charge of the funds. Plaintiff thinks these facts can be readily implied from the complaint, but we think that thus the process of illation would be unduly strained.

Plaintiff ought expressly to set forth these matters as grounds of his cause, if they are based upon the true version of the transaction.

The order denying the motion to dismiss the complaint should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to plead over upon payment of said costs.

CLARKE, P. J., MERRELL and FINCH, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint within twenty days from service of order upon payment of said costs.